MEYER CAUMAN *vs.* WALTER BIGGAR.

SAME *vs.* LOWE, DONALD AND COMPANY, INCORPORATED.

Suffolk.   December 11, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Frauds, Statute of.*

Oral representations, made to one employed by a firm of real estate agents charged with the letting of certain real estate, and by him communicated to the firm's principal, to the effect that the capital stock of a prospective lessee, a corporation, to the extent of $50,000 had been subscribed for and $20,000 paid in cash, when in fact, as the person making the representations knew, but $6,600 had been subscribed and only $4,400 paid in, are within the provisions of G. L. c. 259, § 4, and an action of tort to recover damages resulting from reliance upon such representations cannot be maintained if the statute is pleaded.

The fact, that the agent to whom the representations were made communicated them in writing to his principal, did not prevent the statute from being a bar, since the agent was not the agent of the person making the representations.

TWO ACTIONS OF TORT for damages alleged to have resulted from fraudulent representations of the defendant Biggar, personally and as an agent of the defendant corporation, inducing the plaintiff to make a lease of real estate to the Merchant Tailors' Manufacturing Company. Writs dated February 28, 1922.

In the Superior Court, the actions were tried together before *Fosdick*, J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, verdicts were entered for the defendants. The plaintiff alleged exceptions.

*P. Rubenstein*, for the plaintiff.

*T. W. Proctor*, (*H. C. Dunbar* with him,) for the defendants.

CARROLL, J. These two actions were tried together. There was evidence that the plaintiff was induced to enter into a written lease of real estate to the Merchant Tailors' Manufacturing Company, a Massachusetts corporation, hereinafter called the Company, as a result of fraudulent

representations made by the defendant Walter Biggar, personally, and as agent of the other defendant. The misrepresentations were that the stock of the company to the extent of $50,000 had been subscribed for and $20,000 paid in in cash, when in fact, as the defendant Biggar knew, but $6,600 had been subscribed and only $4,400 paid in. The false representations relied on were oral, they were made to one Poole, a representative of the plaintiff's rental agents, and were communicated by Poole in letters and telegrams to the plaintiff. The lease was executed March 23, 1920, " for the term of five (5) years and three (3) months " beginning April 1, 1920, at an annual rental of $5,500 payable on the first day of each month beginning April 1. The Company occupied the premises until December 1, 1920, when it vacated them; it paid rent in full for the time of its occupation.

The defendants rely in their answers on the statute of frauds, G. L. c. 259, § 4, which provides: " No action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance is made in writing and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." In the Superior Court a verdict was directed for each defendant, to which ruling the plaintiff excepted.

In *Walker* v. *Russell*, 186 Mass. 69, the history of this section of the statute of frauds based on St. 1834, c. 182, § 5, was reviewed. It was there stated at page 71, referring to Lord Tenterden's Act, passed after the decision in *Pasley* v. *Freeman*, 3 T. R. 51, which held that a defendant could be charged with another's debt if he had fraudulently represented by parol that other to be solvent, " that the danger of injustice from allowing a disappointed creditor to charge a defendant with the debt due him from a third person by parol testimony of a fraudulent representation as to the solvency of that third person was such that this act was passed providing that no such action should be maintained unless the representation was made in writing signed by the

party to be charged." In *Walker* v. *Russell* the plaintiff was induced, by reason of the defendant's fraudulent representations, to purchase shares of stock in a mining company for which he paid to the mining company $11,000 in cash. It was decided that representations as to the financial credit of a corporation, which induced the plaintiff to subscribe for shares of stock in the corporation to be paid for in cash, were not representations made concerning the " character, conduct, credit, ability, trade or dealings" of any other person within § 4 of R. L. c. 74 (now G. L. c. 259), but were representations of fact bearing on the value of the shares. On the other hand, where credit is extended to a third person relying on the representations of the defendant as to the debtor's " character, conduct, credit, ability, trade or dealings," where, for example, goods are sold to the debtor and his note on time is taken in payment for them or the plaintiff is induced by the representations to indorse the note of a third person for his accommodation, the statute applies; and to charge the defendant the representations must be in writing as required by the statute. *Kimball* v. *Comstock*, 14 Gray, 508. *Mann* v. *Blanchard*, 2 Allen, 386. *McKinney* v. *Whiting*, 8 Allen, 207. *Bates* v. *Youngerman*, 142 Mass. 120. See also *Hunnewell* v. *Duxbury*, 157 Mass. 1. The statute is applicable when the plaintiff is induced to enter into a transaction by reason of the defendant's representations, which will result in a debt due from the third person to the plaintiff. *Walker* v. *Russell, supra*, page 73. *Huntress* v. *Blodgett*, 206 Mass. 318.

*Deane* v. *Caldwell*, 127 Mass. 242, 244, *Towle* v. *Commissioner of Banks*, 246 Mass. 161, 167, 168, and similar cases, hold that instalments of rent are not a debt until the day at which the rent is covenanted to be paid; but the word " debt " as used in *Huntress* v. *Blodgett* and in *Walker* v. *Russell, supra*, is not to be given in the case at bar this strict meaning. In *Wells* v. *Prince*, 15 Gray, 562, the representation concerned the financial standing of an insurance company in which the plaintiff became insured, and in discussing that case it was said in *Walker* v. *Russell* at page 73: " The result of the transaction in that case between the plaintiff

and the third person (the insurance company) was a debt due to the plaintiff, contingent on the property insured being damaged by fire, and for that reason the representation was within the statute." No actual debt was created in the case at bar as a result of the defendant's representations, in the strict sense of the term; but as a result of the transaction a debt might arise contingent on the company failing to pay the rent according to the covenants in the lease, which debt did subsequently exist by reason of the company's default.

The injustice, which the statute sought to avoid by preventing the disappointed creditor from charging the defendant with a debt due from the Company to the plaintiff, would be as great if the debt were contingent on some future event as if it were actual and became such at the time of the transaction. The plaintiff sought for information concerning the company's credit and its ability to pay its debts as they matured in the future. It trusted the Company to pay the instalments of rent during the term of the lease on the strength of the defendant's statement, and when these instalments were due and unpaid there was a debt due the plaintiff from the Company; the defendant's representations therefore concerned the Company's credit and ability to pay and were within the statute. G. L. c. 259, § 4.

The representations orally made to Poole were by him made in writing. But Poole was not the agent of the defendants, he was the plaintiff's agent. He had no authority to bind the defendants. Poole was employed by the firm of real estate agents hired by the plaintiff, whom he represented in the transaction; he was not an agent of the defendants to convey a message to the plaintiff; he was the plaintiff's agent to rent the premises.

The representations relied on were not in writing, as the statute directed, and the defendants cannot be charged in this action.

*Exceptions overruled.*