## KEENE LUMBER CO. v. LEVENTHAL et al.

### Civ. No. 6348.

District Court, D. Massachusetts.

May 2, 1947.

Harry B. Zonis, of Boston, Mass., for plaintiff.

Abraham L. Levine, of Boston, Mass., for defendants Harold A. Leventhal and Prime Business Co.

Frank L. Kozol and Friedman, Atherton, King & Turner, all of Boston, Mass., for defendants Bertram E. Finley and Finley Wood Products, Inc.

Benjamin Goldman, of Boston, Mass., for defendant Hyman Krinsky.

Samuel Markell and Goulston & Storrs, all of Boston, Mass., for defendants Mitchell Koritz and Federal Studios, Inc.

WYZANSKI, District Judge.

In the Motion Session on Monday, April 28, 1947, the defendants by several motions attacked the complaint on the ground that it failed to state a cause of action and that if it did state a cause of action, it violated the admonitions of Rule 8 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that the complaint was not simple, concise and direct, but on the contrary was tautologous and replete with scandalous and impertinent matter. Moreover, the motions requested that if the complaint did state a cause of action, the matter should be transferred from the jury to the non-jury list.

In open court, plaintiff's counsel specifically limited the nature of its complaint. Counsel disclaimed any intention of seeking relief under the Uniform Fraudulent Conveyance Act, Mass. Gen.Laws, Chap. 109A. Counsel did not make it clear exactly what reasons he had for that disclaimer. The argument at the bar suggested that among his reasons might be his belief (not necessarily shared by the Court) that if his client would otherwise have had a cause of action on the basis that the defendants had hindered, delayed and defrauded creditors, that cause of action had been assigned by operation of law to the trustee in bankruptcy of Davenport-Brown, Inc. Another reason that may have moved plaintiff's counsel to his disclaimer was the defense of at least one of the defendants that plaintiff would be estopped by judgment or would be barred by the principle of res judicata if its theory of recovery were grounded on a claim of fraudulent conveyance. Without, however, pursuing the matter further, it is sufficient in this memorandum to repeat that plaintiff's counsel explicitly and frequently stated that he did not rely upon the theory of fraudulent

conveyance as embodied in Mass.Gen.Laws, Chap. 109A.

In short, plaintiff's counsel limited his complaint to a combination of a claim of deceit and conspiracy to commit deceit. It was his view that his pleading in effect asserted that defendant Mitchell Koritz had knowingly and falsely, but orally, stated to representatives of the plaintiff that he, Koritz, had invested certain sums in and was prepared to invest further sums in Davenport-Brown, Inc; that those knowingly false statements were made by Koritz with the intent and the effect of inducing Keene Lumber Co. to advance credit to Davenport-Brown, Inc.; and that the defendants other than Koritz had formed a general scheme to use for their purposes the deceitful misrepresentations of Koritz and that as a result of the deceit and the concerted plan plaintiff suffered damage for which he seeks recovery of $7,809.76, with interest.

Defendants' contention is that even if defendant Koritz had made the representations of which plaintiff complains (a point which defendants of course challenge), nonetheless, it is apparent on the face of the complaint that these alleged misrepresentations were oral, and being oral, these misrepresentations, cannot be the subject of a cause of action in the light of the express terms of the Mass. Statute of Frauds, Mass.Gen.Laws, Chap. 259, sec. 4, which provides: "No action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance is made in writing and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

Plaintiff's reply to the Statute of Frauds point is that the Statute is directed merely to cases where the defendant made a representation exclusively as to another's (and not as to his own) conduct or acts. Plaintiff points to the language of the Statute which says that "No action shall be brought to charge a person upon or by reason of a representation * * * made concerning the character * * * credit * * * or dealings of any other person, unless such representation * * * is made in writing * * *." It is the plaintiff's position that in the case at bar he brings his action upon the basis of a representation made by defendant Koritz, concerning Koritz's own dealings. Although the representation covers both Koritz's dealings and the dealings of another person, to wit, Davenport-Brown, Inc., the plaintiff says that the reference to the other person, Davenport-Brown, Inc., is merely incidental and the gravamen of the complaint is the representation of defendant Koritz as to what he, himself, had done and would do.

I am persuaded that defendants' position is correct.

■ Section 4 of Mass.Gen.Laws, Chap. 259 is a local enactment following both in language and in purpose what is commonly called Lord Tenterden's Act, 9 Geo. IV, c. 14 (1829). See Walker v. Russell, 186 Mass. 69, 70, 71 N.E. 86, 1 Ann.Cas. 688; Williston, Contracts (Rev.Ed.) § 1520A. "The object of the enactment was to extend to a defendant, in case of an attempt to charge him with the debt of another person by parol evidence of a false representation as to the solvency of that third person" the protection of written evidence. Walker v. Russell, supra, 186 Mass. at page 71, 71 N.E. at page 87.

■ It would have been possible to read the enactment strictly and to hold that the statute did not apply to a representation which included both a false statement as to another's solvency and a false statement of the speaker's own conduct or position. However, the English Court of King's Bench ruled otherwise in 1838— [which though it was four years after Massachusetts first enacted its local Lord Tenterden Act, see Mass.St.1834, c. 182, § 5, was prior to the time when Massachusetts re-enacted the local Lord Tenterden Act as part of the Revised Statutes and subsequent codification of Massachusetts laws of general application]. In the case before it, Swann v. Phillips, 8 Ad. & El., 457, 112 Eng.Rep. 912, the King's Bench was faced with this situation. To induce A to lend money to J, B orally stated that A could lend the money safely because B had cer-

tain title deeds of J. B in fact had no such deeds. A, having made the loan and lost money, brought an action in assumpsit against B. B pleaded Lord Tenterden's Act. A's counsel argued that B's oral statement was "strictly speaking a representation concerning the defendant [B] himself." (p. 459; p. 913). The King's Bench Division rejected A's argument and upheld B's plea. Denman, C. J., said "here is a loan contemplated, and the plaintiff is told that he may safely make it because the title deeds are in the defendant's custody. That is clearly a representation as to Jellicorse's [J's] credit." (p. 461, p. 913). To which Litterdale, J., added "the defendant says, 'You may trust him; and my reason for saying so is, that I know the estate which he has bought, and have his title deeds.' That is one entire representation concerning his credit." (p. 461; p. 913).

An examination of the original papers in Cauman v. Biggar, 251 Mass. 91, 146 N.E. 230 would indicate that impliedly if not expressly the Massachusetts Supreme Judicial Court has adopted a similar position. The view of the evidence most favorable to plaintiff in that case was this. Biggar was the treasurer of Lowe, Donald & Co. That company was one of the organizers of and investors in the Merchant Tailors' Manufacturing Co. See Cauman v. Biggar Tr. 13. Biggar orally represented that "$20,000 had been paid in, toward the capital of Merchant Tailors Mfg. Co., and $50,000 could be called." Ibid, Tr. 12 lines 23-29. In effect that was a representation that Biggar's company had paid two-fifths of its subscription and was bound to pay in full a subscription to stock of the Merchant Company. The representation was false. Compare 251 Mass. 92 lines 2-6, 146 N.E. 231. It was made with the intent and effect of inducing Cauman to make a lease to the Merchant Company. The lease caused a loss to Cauman who sued Biggar and Biggar's company, Lowe, Donald & Co., for the loss caused by the false representation. Defendants pleaded the local Lord Tenterden Act. Their position was that no action could be brought upon the basis of an oral representation made in the course of inducing a plaintiff to extend credit to a third person even though the representation was a statement of fact as to what defendant had done or would do for that third person. Ibid. Defendants' Br. 9-11. This contention was upheld by the Supreme Judicial Court. The opinion of Carroll, J. is directed primarily to a different issue; that is, whether the statute applies to a case where the representation is made to induce a landlord to rent premises to a tenant. However, the opinion necessarily also covers the issue whether the statute applies to a case where the representation is a statement of fact about not only a third person but even about defendant himself. See 251 Mass. 94 first full paragraph, 146 N.E. 230.

In general, the same broad construction of Lord Tenterden's Act is shown in Maryland Casualty Co. v. Hosmer, 1 Cir., 93 F.2d 365 and Cook v. Churchman, 104 Ind. 141, 149-153, 3 N.E. 759. It is only on first inspection that Norton v. Huxley, 13 Gray, Mass., 285, 288 seems contrary. A careful reading of Mr. Justice Dewey's opinion indicates that in that case the defendant made the false representations not with the specific intent (required by the statute) that another should obtain money, credit or goods on the basis of such representations, but with the intent that plaintiff should become assignee of another's obligation. Thus the case was beyond the letter and, in the Supreme Judicial Court's opinion, beyond the reach of the statute.

The case of Feinberg v. Poorvu, 249 Mass. 88, 143 N.E. 824, relied upon by plaintiff in the case at bar is wide of the mark. There the alleged misrepresentations of defendant were made not about another but about what was in fact entirely his own enterprise. In short, defendant was an undisclosed principal. In the instant case even the most generous reading of plaintiff's complaint does not permit a court to construe it as charging that Koritz, Leventhal and the other defendants were in fact the undisclosed principals and Davenport-Brown, Inc. merely an agent. It cannot therefore be said that Koritz was making representations only about himself and not at all about another.

■ It being my conclusion that defendant Koritz cannot be held on his alleged

oral misrepresentation, it follows under the authority of Weiner v. Lowenstein, 314 Mass. 642, 646, 51 N.E.2d 241, that the other defendants cannot be held for an alleged conspiracy to take part in or benefit from that alleged oral misrepresentation.

Motions to dismiss complaint granted.