## JAMES M. BERENSON *vs.* ANNA MAHLER.

Norfolk. March 7, 1950. — July 31, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Deceit. Damages,* For tort. *Landlord and Tenant,* Termination of tenancy.

An action for deceit cannot be maintained unless the plaintiff proves that actual damage resulted from the deceit.

Actual damage sufficient to support an action for deceit was not shown by allegations in the declaration that in reliance on a false representation deceitfully made by the defendant, the plaintiff vacated an apartment in which he had been living as a tenant of the defendant and "incurred great cost and expense in purchasing a house and having it repaired for his use and in moving to it"; "all to the plaintiff's damage as alleged in his writ."

TORT. Writ in the Municipal Court of Brookline dated March 9, 1949.

Upon removal to the Superior Court, the action was heard on demurrer by *Donnelly,* J.

*E. M. Dangel,* (*L. E. Sherry & C. George* with him,) for the plaintiff.

*L. G. Stone,* for the defendant.

QUA, C.J. In this action for deceit the plaintiff appeals from an order of the Superior Court sustaining the defendant's demurrer.

The allegations of the declaration are in substance that

on April 28, 1948, the plaintiff was a tenant of an apartment in Brookline of which the defendant was a coöwner; that the plaintiff's tenancy was governed by the housing and rent act of 1947, as amended; that by letter dated April 28, 1948, the defendant notified the plaintiff to quit and deliver up the premises at the end of the rent period commencing June 1, 1948; that the letter stated the reason for the notice to be that the defendant desired the premises for the use of her mother; that, in reliance upon the representation contained in the letter that the defendant desired the premises for the use of her mother, the plaintiff made efforts to secure other accommodations, but concluded that it would be impossible for him to secure at any reasonable figure an apartment similar to that then occupied by him, and that it would be necessary for him to purchase a house; that, in further reliance upon said representation and in the belief that he could be compelled by court action to deliver up said premises to the defendant, the plaintiff incurred great cost and expense in purchasing a house and having it repaired for his use and in moving to it; that, in further reliance upon said representation and in the belief that he could by court action be evicted from his apartment, the plaintiff entered into an agreement for judgment in an action brought by the defendant against the plaintiff in a District Court, whereby it was agreed that judgment might be entered in favor of the present defendant for possession of the premises, and that execution would issue on December 31, 1948; that on or about November 1, 1948, the plaintiff yielded up possession to the defendant; that at the time of sending said letter the defendant did not in truth and in fact intend to secure occupancy of the apartment for the use of her mother but knowingly made this false representation to the plaintiff with the intent of deceiving him and of wrongfully and illegally obtaining possession of the apartment for her own purposes; and that the plaintiff was in fact deceived and in reliance upon said false representation was induced to surrender the apartment to the defendant. "All to the plaintiff's damage as alleged in his writ."

The housing and rent act of 1947 (Act of June 30, 1947, 61 U. S. Sts. at Large, 193) in § 209 (a), as amended in subdivision (2) by Act of March 30, 1948, § 204 (a), 62 U. S. Sts. at Large, 98, provided in part, "No action or proceeding to recover possession of any controlled housing accommodations . . . shall be maintainable by any landlord . . . unless — . . . (2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations, or for the immediate and personal use and occupancy as housing accommodations by a member or members of his immediate family . . . ." The 1948 act in § 204 (e) also adds a provision requiring the landlord to notify the tenant of the purpose for which he desires to recover possession. 62 U. S. Sts. at Large, 99.

If, as seems altogether probable, judgment was in fact rendered in the action for possession in favor of the present defendant, the case would fall within the authority of a number of recent decisions holding that the purpose of the landlord in dispossessing the tenant is a matter for determination in the original action for possession and is in fact determined there, if the judgment is for possession, and cannot be litigated anew in an action for deceit. *Gabriel* v. *Borowy*, 324 Mass. 231, 236. *Sher* v. *Perlman*, 324 Mass. 390, 392. *Noyes* v. *Shanahan*, 325 Mass. 601, 604. *David* v. *Fayman*, 273 App. Div. (N. Y.) 408, affirmed 298 N. Y. 669. *Rosenbluth* v. *Sackadorf*, 274 App. Div. (N. Y.) 794, affirmed 298 N. Y. 761. See *Wishnewsky* v. *Saugus*, 325 Mass. 191, 194–196, and cases cited; 62 Harv. L. Rev. 153.

But since it does not positively appear that judgment was in fact entered in the action for possession, we prefer to place this decision upon another ground. A declaration in an action of tort for deceit is demurrable unless it alleges some legal damage to the plaintiff. The mere deceit does not create a cause of action. *Bradley* v. *Fuller*, 118 Mass. 239. *Lewis* v. *Corbin*, 195 Mass. 520. *Goodwin* v. *Dick*, 220 Mass. 556, 558. *Connelly* v. *Bartlett*, 286 Mass. 311, 315. *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529, 532. *Dubois*

v. *Atlantic Corp.* 322 Mass. 512, 520–521. The general allegation of damage "as alleged in his writ" is not enough. *Antokol* v. *Barber*, 248 Mass. 393, 395. The only damages set forth in the declaration before us are that the plaintiff incurred great cost and expense in buying and repairing a house and in moving into it. This is not enough. The plaintiff has the house, with the benefit of the repairs. So far as appears he paid only what the house and the repairs were worth. He may even have paid less and so profited by the transaction. See *Wilson* v. *McKleroy*, 206 Ala. 342, 348; *Trepanier* v. *Hujber*, 134 Conn. 24; *Camp Realty Co. Inc.* v. *Jennings*, 77 Ga. App. 149. As to the expense of moving, without implying that the cost of moving out of a tenement as the result of a deceit could never constitute legal damages, we do not see how such cost can be recoverable in a case like this where the moving was a mere incident to the purchase of a house which may have involved no loss and may even have involved a profit.

The order sustaining the demurrer is affirmed and judgment is to be entered for the defendant. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 62.

*So ordered.*