*Northern District*

No. 5079

## MIDDLESEX COUNTY NATIONAL BANK

v.

## REDD AUTO SALES, INC.

### and

## SOMERVILLE NATIONAL BANK, Trustee

(May 20, 1957)

*Present*:  ENO AND CONNOLLY, JJ.

*Eno, J.*  This is an action of tort or contract, with a declaration containing four counts, by which the plaintiff seeks to recover damages for false representations made to it relative to a sale of an automobile to one John C. Rideout, and that as a result of the false representations the plaintiff gave a loan to the said Rideout and sustained damages to the amount of $395.00. The answer contains a general denial and a further answer

"That the action cannot be maintained because none of the representations made by the defendant

was in writing, and therefore this case comes within the statute of frauds".

The report is irregular in that no evidence is reported therein. Instead the following agreement of counsel has been inserted:

"By agreement of all parties, no evidence is herewith reported upon which the court based its findings of facts."

We take that to mean that there was evidence from which the judge could, and did find, the following facts, all from oral evidence:

The plaintiff is a bank which had financed customers of the defendant in the regular course of business. The latter was a dealer in used and new automobiles. The defendant called the plaintiff on the telephone and represented that one Rideout had purchased a 1951 Kaiser motor vehicle from it; that the purchase price was $595.00; that he had paid $200.00 as a down payment, and that he desired to finance the balance of $395.00. At the same time the defendant gave to the plaintiff information as to the credit of Rideout and a description of the motor vehicle. The defendant knew that the plaintiff required one-third of the purchase price to be paid by the purchaser before the plaintiff would consider the financing of the purchase of the automobile. The plaintiff checked Rideout's credit and approved a loan. The defendant then had Rideout sign the necessary notes and other papers which it obtained from the plaintiff. These papers were then delivered to the plaintiff, whereupon it paid directly to the defendant the sum of $395.00. The automobile was set aside by the defendant in its garage for Rideout and tagged as sold. Certain repairs were made to it and slip covers put on as agreed upon with Rideout, who never returned to accept its delivery because of financial and family difficulties. He did, however, make one payment on the note to the plaintiff in

the sum of $30.65. The automobile remained in possession of the defendant. The real purchase-price of the automobile, according to the purchase order, was $495.00, of which $75.00 was paid, leaving the balance to be financed. There was other evidence from Rideout that he purchased the car for $495.00 and that the down payment agreed was $100.00, which down payment he made.

The trial judge further made the following findings of facts:

"I find that the defendant falsely and wilfully misrepresented to the plaintiff the purchase price of the automobile by Rideout and the amount of the down payment so as to induce the plaintiff to grant the loan to Rideout for the payment to the defendant of the balance due on the automobile; that the plaintiff relied upon such representations which were wholly within the knowledge of the defendant and that because of these representations did grant the loan to Rideout and paid to the defendant the sum of $395.00.

"I find that the representations were made to the plaintiff by the defendant to meet the conditions and regulations of the plaintiff that one-third of the purchase price be paid down on a motor vehicle before they would consider financing the purchaser; that the representations were material; that they did not concern the credit and ability, character or conduct of Rideout; and that G. L. c. 259, §4, does not therefore apply."

The Court denied the following Requests for Rulings by the defendant:

"1. A finding for the defendant is required as to Count I. on all the law and evidence.

"2. A finding for the defendant is required as to Count II. on all the law and evidence.

"3. A finding for the defendant is required as to Count III. on all the law and evidence.

"4. The plaintiff cannot prevail as to Count I, II, III. & IV. unless there is a writing signed by the defendant or its duly authorized agent.

"10. In view of the statute of frauds to wit, G. L. c. 259, §4, there must be a finding for the defendant as to Count III.

"11. In view of the statute of frauds to wit, G. L. c. 259, §4, there must be a finding for the defendant as to Count II.

"12. In view of the statute of frauds to wit, G. L. c. 259, §4, there must be a finding for the defendant as to Count I.

"13. In view of the statute of frauds to wit, G. L. c. 259, §4, there must be a finding for the defendant as Count IV.

The Court found for the plaintiff.

The only issue raised by these requests is whether or not a finding for the defendant was required as a matter of law in view of G. L. c. 259, §4, which reads as follows:

"No action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any person, unless such representation or assurance is made in writing and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized".

In order to come within the purview of that statute the representations must be concerning the character, conduct, credit, ability, trade or dealings of another person. *Des Brisan v. Foss*, 264 Mass. 102; *Weiner v. Lowenstein*, 314 Mass. 643, 644.

In the case at bar the trial judge found as facts that the representations were not concerning these matters. His findings must be sustained "if they can be supported upon any reasonable view of the evidence, including such rational inferences as the evidence warrants". *Charles I. Hosmer, Inc. v. C.*, 302 Mass. 495, 499.

There is no evidence in the report as to the authority of the one who made the representations for the defendant corporation. This matter is not specifically

raised but is included in the requests which are broad enough to raise the question.

As to the representations themselves we think they come within the example stated in *Cauman v. Biggar*, 251 Mass. 91, at page 93 that "where credit is extended to a third person relying on the representations of the defendant as to the debtor's 'character, conduct, credit, ability, trade or dealings', where, for example, goods are sold to the debtor and his note on time is taken in payment for them or the plaintiff is induced by the representations to endorse the note of a third person for his accommodation, the statute applies; and to charge the defendant the representations must be in writing as required by the statute".

In that case it was further decided that "the statute is applicable when the plaintiff is induced to enter into a transaction by reason of the defendant's representations, which will result in a debt due from the third person to the plaintiff".

That is exactly what has occurred in the case at bar. The representations had to do with "dealings", at least, with a third party, and were made by a person whose authority to bind the defendant does not appear. It was, therefore, prejudicial error to deny the defendant's requests for rulings.

The finding for the plaintiff is to be vacated and a new finding is to be entered for the defendant.

E. Taylor, for the Plaintiff.

Abraham Newman, for the Defendant.