BARRETT ASSOCIATES, INC. *vs.* ROBERT A. ARONSON & another.

Suffolk.    February 6, 1963. — May 31, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Deceit. Pleading, Civil,* Declaration. *Frauds, Statute of.*

Statements made by organizers and officers of a newly formed corporation to a prospective purchaser of some of its stock, that they "then intended to take no salary or other funds" from the corporation until it should be operating profitably, were representations of the fact of their present intent and not mere promises.    [151, 152]

An allegation in the declaration in an action for deceit, that "as a result of" deceitful misrepresentations by the defendants relied on by the plaintiff and inducing the plaintiff to purchase stock in a corporation the plaintiff "suffered substantial damage in that the said stock . . . was worth substantially less than" what the plaintiff had paid for it, was sufficient as to damage.    [152–153]

Oral misrepresentations concerning the finances of a newly formed corporation, made by its organizers and officers to a prospective purchaser of some of its stock to induce the purchase thereof, were not within the statute of frauds, G. L. c. 259, § 4.    [153–154]

TORT.    Writ in the Superior Court dated March 20, 1962.

Demurrers were heard by *Bolster, J.*

*Lawrence H. Adler* for the plaintiff.

*Bernard P. Rome (Robert A. Aronson* with him) for the defendants.

SPALDING, J.    In this action of tort for deceit demurrers to the second and third counts, as amended, were sustained, and leave to amend further was denied. The plaintiff appealed.

The material averments of the second count are as follows: In April, 1960, the defendants Aronson and Levitt organized a corporation called Hollywood Lanes of Walpole, Inc. (Hollywood). Levitt was president and treasurer of the corporation and Aronson was its clerk. Levitt represented to the plaintiff that both he and Aronson "then intended to take no salary or other funds, directly or indirectly," from Hollywood until it was actually operating in business and earning a profit. Levitt further represented that if Hollywood failed in business he stood to lose about $250,000 "as a result of actions he took for the benefit" of Hollywood, so he had "set aside and was then holding a reserve of $50,000.00 of his own funds" to be used if Hollywood encountered financial difficulty or needed further funds. These representations were false and were made to the plaintiff "to cause . . . [it] to rely upon . . . [them] and so induce it to purchase a minority stock interest" in Hollywood, by purchasing eighty shares of no par stock from Hollywood, which was then owned solely by Levitt and Aronson. Relying on these representations and believing them to be true, the plaintiff purchased eighty shares of stock from Hollywood for which it paid $25,000. As "a result of the foregoing statements by . . . Levitt, the plaintiff suffered substantial damage in that the said stock . . . was worth substantially less than . . . $25,000.00."

The allegations in the third count are substantially the same except that the representations are alleged to have been made by the defendant Aronson.

The grounds common to each demurrer in substance are that the allegations: (a) do not state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action; (b) are insufficient in law to enable the plaintiff to maintain its action; (c) do not show actionable damage; and (d) are within the statute of frauds. The demurrer to the third count sets up some additional grounds, but they need not concern us, for the defendants do not press them, and it is apparent that they were not the basis of the judge's action.

1.   Under G. L. c. 231, § 7, the plaintiff was required to state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.   Even though this declaration is somewhat inartistically drawn, it does allege facts in skeleton form which, if proved, establish the elements of an action in tort for deceit.

2.   "To recover for that intentional fraudulent conduct of which the plaintiff complains, he must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage."   *Kilroy* v. *Barron,* 326 Mass. 464, 465.   *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164, 167.

In support of the decision below, the defendants argue that the representations were promissory.   Statements promissory in nature, of course, are not actionable.   *Yerid* v. *Mason,* 341 Mass. 527, 530.   *Knowlton* v. *Keenan,* 146 Mass. 86.   While the representations concerning salary and withdrawal of funds have a promissory flavor, they are, on analysis, representations of present intent.   "Present intention as to a future act is a fact.   It is susceptible of proof.   When such intention does not exist, . . . it is a misrepresentation of a material fact. . . .   The statement of fact as to present intention of the defendant, being susceptible of actual knowledge and being a fact alleged to have been false, may be made the foundation of an action for deceit."   *Feldman* v. *Witmark,* 254 Mass. 480, 481–482. Restatement:  Torts, § 530.   The allegation of falsity, taken with the allegation of present intention, if construed as we think they can be, as meaning also that the defendants were withdrawing or later withdrew salary and funds, asserted facts which, if proved, might affect the value of the shares.

The allegation as to damage (without which an action for deceit must fail), although stated somewhat summarily, was sufficient.   The declaration in each count alleged that "as a result of the foregoing statements by the defendant

. . . the plaintiff suffered substantial damage in that the said stock that the defendant . . . induced the plaintiff to . . . purchase for $25,000.00 . . . then was worth substantially less . . . ." The precise manner in which the plaintiff sustained the alleged loss was a matter of proof and not of pleading. See *Kilroy* v. *Barron,* 326 Mass. 464, 466. The allegations of damage here go beyond those held to be insufficient in *Berenson* v. *Mahler,* 326 Mass. 305, relied on by the defendants.

3. It was stipulated in the court below that the representations set forth in the declaration were oral. One of the grounds set up in the demurrers was the statute of frauds. The defendants rely on § 4 of G. L. c. 259 which provides that "No action shall be brought to charge a person upon or by reason of a representation or assurance made concerning the character, conduct, credit, ability, trade or dealings of any other person, unless such representation or assurance is made in writing and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." We are of opinion, for the reasons stated in *Walker* v. *Russell,* 186 Mass. 69, 73, that the statute is not applicable. *Walker* v. *Russell* was an action of tort for deceit in which the plaintiff sought to recover $11,000 paid by him to a mining corporation for the purchase of 100 shares of its stock. There was evidence that the defendants made false representations concerning the financial condition of the corporation in order to induce the plaintiff to purchase the stock. The defence was that the misrepresentations concerned "the character, conduct, credit, ability, trade or dealings" of another person within R. L. c. 74, § 4, the predecessor of G. L. c. 259, § 4. In an opinion containing a full discussion by Loring, J., of the history and purposes of § 4 it was held that the case did not come within the statute. It was said at page 73, " [W]e are of opinion that representations 'concerning the character, conduct, ability, trade or dealings of any other person' . . . must be limited to representations made to induce the plaintiff to enter into a transaction which will result in a

debt due to the plaintiff from the third person; and that representations as to the financial credit of a corporation made to induce a plaintiff to subscribe to the shares of the corporation to be paid for in cash are representations of fact bearing upon the value of the shares and are not representations within R. L. c. 74, § 4.'' The defendants' representations were not made to induce the plaintiff to extend credit to a third person, which Loring, J., at page 71 said was the ''typical case which the Legislature had in mind.'' Rather they were made for the purpose of inducing the plaintiff to purchase Hollywood's stock. The case at bar presents a situation very similar to that in *Walker* v. *Russell.* There is nothing in *Cauman* v. *Bigger,* 251 Mass. 91, *Weiner* v. *Lowenstein,* 314 Mass. 642, and *Keene Lumber Co.* v. *Leventhal,* 71 F. Supp. 598 (D. Mass.), reversed on other grounds in 165 F. 2d 815, on which the defendants rely, which is at variance with the conclusion here reached.

*Orders sustaining demurrers reversed.*