Dolan, P.J.
This is an action of tort to recover compensation for damages alleged to have been sustained by plaintiffs as a result of a false representation by defendants with respect to the condition of a swimming pool located on residential real estate sold to plaintiffs by defendants. The court made a general finding for the plaintiffs and awarded damages of $9,317.54.[3] The court made no subsidiary findings.
At the trial, there was evidence tending to show that defendants told plaintiffs, prior to their purchase, that the swimming pool was in good condition. At the time of the representation, the swimming pool cover was on, and it was covered with snow and ice. After the purchase of real estate, upon uncovering the swimming pool, plaintiffs discovered defects in the pool which prevented their use of it There was testimony that plaintiffs purchased the home because of the swimming pool.
At the close of the trial and before final arguments, defendants made thirteen requests for rulings. Because we find error, we review only one of the requests.
Request No. 6 was as follows: “If you find that plaintiffs would have entered into the contract despite the representation, if any of the defendants, then you mustfind for the defendants.” The court denied this request[4]
In order for plaintiffs to prevail on a count for misrepresentation, they must establish that defendants made a false representation of a material fact with knowledge of its falsity for the purpose of inducing plaintiffs to act thereon, and that plaintiffs relied upon the representation as true and acted upon it to their damage. Barrett Associates, Inc. v. Aronson, 346 Mass. 150, 152 (1963). Although the false representation need not be the sole or even predominate motive actuating the plaintiffs in entering the contract, it must have had a material influence upon them, although combined with other motives. McGrath v. C.T Sherer Co., 291 Mass. 35, 58 (1935). In denying defendants’ request for a ruling of law, the court, in effect, ruled that plaintiffs need not prove that their decision to purchase the real estate was materially influenced by defendants’ representation. This is error.
Although there was evidence from which the court could have found that plaintiffs relied on defendants’ representation in entering into the contract, the court made no such finding. Because of the lack of subsidiary findings, we cannot determine if the *222 court found that plaintiffs’ decision to purchase the real estate was materially influenced by defendants’ representation. The case is remanded for a new trial on Count I of plaintiffs’ complaint.
So ordered.

 The court found in favor of the defendants on counts II, III, IV and V of the complaint. No appeal was taken as to those findings.

 The request was denied for the reason that “it calls for findings of fact.” However, it is not a request that the trial judge make a specific written finding of fact. Instead, it acknowledges that it is the duty of the trial judge to decide the case, and directs his attention to a principle of law which is applicable but which he might otherwise overlook.