Gershengorn, J.
This is an action for damages based on breach of contract, fraud, and failure to provide medical insurance. The defendant now moves for summary judgment, or in the alternative, partial summary judgment as to damages, pursuant to Mass.R.Civ.P. 56.

BACKGROUND

Plaintiff, Dr. Gamal Garas (“Garas”), is an anesthesiologist. In April 1994, Garas entered into a contract of employment with the defendant, Cambridge Anes *510 thesia Associates, Inc. (“CAA”) for a one year duration. Garas was represented by counsel when the contract was executed. The contract provided that CAA could terminate Garas’ employment after giving 3 months written notice approved by CAA’s board of directors.
Before Garas was hired by CAA, but during contract negotiations with CAA, Garas had been working for the Winchester Anesthesia Associates, Inc. (“WAA”). Garas’ employment with WAA was terminated on March 31, 1994.
During the hiring process with CAA, Garas submitted an affidavit stating that his license to practice had been suspended and reinstated in the Commonwealth of Massachusetts. Garas, however, failed to disclose that his license had been suspended and not reinstated in other states, such as Missouri. CAA alleges that during the negotiations, Garas misrepresented the conditions surrounding his departure from WAA, indicating that he left voluntarily when in fact he had been asked to leave. Garas maintains that he left WAA because of disagreements with WAA internal policies.
Garas was terminated from employment with CAA on May 14, 1995, which corresponds with the expiration date of the contract. He received written notice on February 14, 1995. CAA claims that Garas’ performance was unsatisfactory and points to several incident reports filed by co-workers with complaints about his work.
Garas contends that his termination with CAA was the result of his “whistle blowing.” To support this contention, Garas has submitted evidence of the reports of misconduct he made in a copy of a peer review group report, clearly in violation of G.L.c. Ill sec. 204-05, G.L.c. 214sec IB, and G.L.c. Ill sec 70. For the purposes of this motion, the court disregards that report.
Garas further claims that he was not given proper notice of the termination of his group health insurance plan, in violation of G.L.c. 175, sec 110D. CAA claims that Garas’ insurance was in effect for 31 days after his termination and notice was received, although slightly delayed due to clerical error. For the reasons set forth below, the defendant’s motion is ALLOWED.

DISCUSSION

This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc.. 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp.. 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by "resting on its pleading and mere assertions of disputed facts ...” LaLonde v. Eisenner. 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case ’’renders all other facts immaterial" and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp.. 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).

A. Count I: Breach Of Contract

The plaintiff alleges that CAA breached its employment contract by firing Garas for speaking out against certain practices. Plaintiff relies on the public policy exception which prohibits the firing of at will employees for reasons which are contrary to public policy.
“As a general rule, where an employment contract, be it express or implied, contains no definite period of employment, it establishes employment at will.” Jackson v. Action for Boston Community Development, Inc. 403 Mass. 8, 9 (1988), and cases cited. In the instant case, the parties entered into an express contract of employment which explicitly contained a definite one year period of employment. Therefore, the parties’ agreement is not one of employment at will.
The public policy exception to the termination of employment contracts applies only to at will employment contracts. Flesner v. Technical Communications Corp., 410 Mass. 805, 810 (1991); DeRose v. Putnam Management Co., Inc., 398 Mass. 205 (1986). Because the parties in the instant case do not have an at will agreement, the public policy exception does not apply. Therefore, plaintiffs breach of contract claim based on the public policy exception must fail.
There is no other evidence creating a genuine issue of material fact that CAA breached the contract in any other way. Notice of Garas’ termination was properly given according to the contract’s terms and was to take effect at the one year expiration date enumerated in the contract. CAA claims that its termination of Garas was the result of his poor performance and various co-workers’ complaints, which is a legitimate reason for failing to renew the terms of employment. The contract makes no reference to a renewal period, mandatory or otherwise. Plaintiff offers no evidence suggesting that CAA has failed to fulfill its obligations under the contract as written. Since there is no genuine issue of material fact regarding breach of contract, the defendant is entitled to judgment as a matter of law on this count.

*511
B. Count II: Fraud

Garas claims that CAA promised to make him a shareholder after one year of employment. However, this promise expressly contradicts the written agreement, known as the “Compensation Letter,” between the parties which conditions this right on a subjective evaluation of Garas’ performance. A claim for fraud cannot be based upon oral statements that contradict an unambiguous provision of a written contract entered into voluntarily between two experienced parties. Turner v. Johnson & Johnson, 809 F.2d 90, 97 (1st Cir. 1986). In the instant case, Garas was represented by counsel and entered the contract with the defendant voluntarily. Therefore, his claim of fraud cannot be based on statements which contradict the negotiated contract.
The plaintiff further alleges that CAA orally promised to renew the contract after the one year had elapsed. This promise is not specified in the contract. Such a promise, since it would have been intended to take affect after more than one year of its creation, would be subject to the statute of frauds, found at G.L.c. 259, sec. 1 (“No action shall be brought: . . . Upon an agreement that is not to be performed within one year from the making thereof; Unless the promise, contract, or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith . . .”). Garas has offered no evidence of a written agreement to this effect. Thus, Garas is precluded from enforcing this agreement. See G.L.c. 259, sec. 1.
Garas argues that the contract he executed with the defendant was the product of fraud because the defendant knowingly made the oral promise to renew the contract with no intention of so doing. In order to succeed on a claim of fraud, the plaintiff must show that the defendant made a false representation of a material fact with knowledge of its falsity, for the purpose of inducing the plaintiff to act, and that the plaintiff relied on the misrepresentation to his detriment. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 703 (1975); Barrett Associations, Inc. v. Aronson, 346 Mass. 150, 152 (1963); Zimmerman v. Kent, 31 Mass.App. 72, 77 (1991).
Garas has not met his burden of producing admissible evidence showing that such a promise was made and if so, that it was material to the execution of the contract. In addition, Garas has not met his burden of showing that he relied to his detriment on the promise. Moreover, Garas makes this allegation only in an unverified complaint and an unsigned affidavit. Because the plaintiff has not offered evidence which satisfies his burden and would raise a genuine issue of material fact, the defendant is entitled to judgment as a matter of law on the fraud count.
C. Count III: Breach of Health Insurance Obligation
The plaintiff alleges that CAA has failed to provide him health insurance benefits in accordance with G.L.c. 175, sec 110D. This statute provides that a group insurance plan shall extend coverage 31 days after the termination of employment of a group member. G.L.c. 175, sec 110D.
Plaintiff has not offered a verified complaint nor a signed affidavit which evidences that he was denied health insurance coverage 31 days after termination of his employment with CAA. Although plaintiff tries to argue that he was not properly informed of the coverage extension in an affidavit, the affidavit is not signed by the plaintiff under the pains and penalties of peijuiy. Moreover, the dates referenced in the affidavit are inconsistent with those in the complaint (e.g. termination date is listed as “May 14, 1995" in complaint and as ’’May 14, 1996" in affidavit). In a motion for summary judgment, unsworn statements do not rise to the level of an affidavit. O’Brion, Russell & Co. v. LeMay, 370 Mass. 243 (1976). Since the plaintiff has failed to produce positive evidence to establish the claim, the defendant is entitled to summary judgment as a matter of law on this count.

ORDER

For the foregoing reasons, the court ORDERS that the defendant’s motion for summary iudgment is ALLOWED.