McDonald, J.
This action arises out of the purchase and sale of residential property located near 1-495 in Milford, Massachusetts. The buyers, the plaintiffs Douglas and Marcy DiNunzio, assert that the seller’s real estate agent, the defendant Joseph Jenkins (“Jenkins”) and his employer, the defendant Dallamora Realtors, are liable in tort and under the Massachusetts Consumer Protection Act for not disclosing the property’s proximity to Route 1-495 and for misrepresenting the reason for the property’s attractive price. The defendants have moved for summary judgment. For the following reasons, summary judgment shall enter for the defendants.
BACKGROUND
The pertinent facts viewed in the light most favorable to the plaintiffs are as follows.
In December of 1995, while seeking to purchase a home, the plaintiffs learned of properly for sale at 35 Eben Street where a home was being constructed. The plaintiffs examined the property as well as the defendants’ written description of its location as “Near Purchase Street/495.” A row of houses and Eben Street separate the property from I-495, which is approximately 300-500 feet away. Tractor-trailer trucks and cars passing on 1-495 are visible from the street in front of the property, particularly during winter months when there are fewer leaves on trees between the property and I-495.
When the plaintiffs asked the listing real estate agent, Jenkins, why the house had a sale price of only $185,225.00, Jenkins replied that it was “only because of the power lines in the project,” referring to the presence of high tension power lines running through the subdivision.
The plaintiffs offered to purchase the property on December 3, 1995. From that date until the closing on March 29, 1996, the plaintiffs visited the property at least seven times, including two times in December 1995. From December 29, 1995 until the closing on March 29, 1996, the plaintiffs drove by the property approximately once every three weeks, and occasionally walked through and photographed the house. On March 22, 1996, the plaintiffs were present for the final walk-through inspection of the construction.
After moving in, the plaintiffs were surprised by the level of noise from the nighttime traffic on I-495, which has interfered with their sleep. Claiming that the defendants owed them a duty to disclose the proximity of I-495 and that Jenkins misrepresented the reason for the property’s attractive price, the plaintiffs filed this action alleging violations of G.L.c. 93A (Counts II-IV, VI, 30, fraud (Count V), negligence (Count VIII), and negligent misrepresentation (Count 130-[3] The defendants have moved for summary judgment on the grounds that they owed the plaintiffs no duty to disclose the proximity of I-495 and that Jenkins’ statement was an opinion or estimate which is not actionable as fraud.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 706 (1991).
A. 93A Claims
The plaintiffs assert that the defendants engaged in unfair and deceptive acts by violating 940 CMR 3.16(1)-(2) and by committing fraud and negligent misrepresentation. General Laws c. 93Aimposes liability where “(a]ny *323 person . . . fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction.” 940 Code Mass. Regs. §3.16(2) (1994) (adopted pursuant to the authority contained in G.L.c. 93A, §2[c]). The plaintiffs will be unable to establish that the defendants violated G.L.c. 93A for two reasons. First, the defendants did disclose the proximity of I-495 to plaintiffs in the information sheet describing the property as “Near Purchase Street/495."
Assuming arguendo that such a description does not constitute adequate disclosure, the defendants did not have a duty to disclose because the proximity of I-495 to the property was a readily observable, known physical condition. Cf. Urman v. South Boston Savings Bank, 424 Mass. 165, 169 (1997) (G.L.c. 93A may require disclosure where off-site physical conditions known to seller are unknown and not readily observable by buyer). As the proximity of I-495 was readily observable by the plaintiffs upon their numerous visits to the property between December 1995 through March 1996, the defendants are entitled to summary judgment.
The plaintiffs will not be able to defeat summary judgment on their claims under G.L.c. 93A insofar as they are based upon alleged fraud and negligent misrepresentation because, as explained below, such claims are not viable.
B.Fraud
To prevail on the fraud count, the plaintiffs must show that the defendants made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiffs to act thereon, and that the plaintiffs reasonably relied upon the representation as true and acted upon it to their damage. Barrett Associates, Inc. v. Aronson, 346 Mass. 150, 152 (1963); Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991).
Neither the defendants’ nondisclosure, if proven, nor Jenkins’s explanation for the property’s attractive price support a viable fraud claim. Silence does not constitute a basis for fraud, even where a seller has knowledge of some weakness in the subject of the sale and fails to disclose it. Urman v. South Boston Savings Bank, 424 Mass. at 168. Because no fiduciary relationship existed between the parties, the defendants had no affirmative duty to disclose defects in the property to the plaintiffs. See Kannavos v. Annino, 356 Mass. 42, 47 (1969). Therefore, the defendants are entitled to summary judgment on the fraud count to the extent that it is based on bare nondisclosure.
Nor can the plaintiffs survive summary judgment on the fraud count insofar as it is based on Jenkins’s affirmative statement. Generally, statements concerning the market value of property are matters of opinion or judgment and do not afford a basis for a fraud claim. John A. Frye Shoe Company v. Williams, 312 Mass. 656, 661 (1942). In this case, Jenkins’s explanation for the attractive sale price was nonactionable opinion.
The result is the same if Jenkins’s statement amounts to a partial disclosure or if it could be construed as a fact susceptible of actual knowledge rather than an opinion or judgment, because the plaintiffs could not have reasonably relied upon it. The obvious proximity of I-495 and its effect on the property’s value due to the noise level are matters readily apparent to the public. Furthermore, the defendants’ written description of the property as being near I-495 and the plaintiffs’ numerous visits to the property when they could see vehicles on I-495 compel the conclusion that the plaintiffs were aware of the property’s proximity to I-495 before they purchased it. On these facts, no jury could reasonably conclude that the plaintiffs reasonably relied on Jenkins’s statement. See Nei v. Burley, 388 Mass. 307, 311 (1983) (where the plaintiff knew lot had excessive water before purchasing it, she could not have relied on the defendant’s silence or representations that lot was “ready to go”). The defendants are therefore entitled to summary judgment on the fraud claim.
C.Negligent Misrepresentation
Recovery for negligent misrepresentation requires the plaintiffs to prove that the defendants supplied them false information for their guidance, upon which information the plaintiffs justifiably relied, resulting in pecuniary loss to the plaintiffs, and that the defendants failed to exercise reasonable care or competence in obtaining or communicating the information. See Nota Construction Corp. v. Keyes Associates, Inc., 45 Mass.App.Ct. 15, 19-20 (1998). As explained above, the plaintiffs have no reasonable expectation of proving the essential element of justifiable reliance. Accordingly, the defendants are entitled to summary judgment on the negligent misrepresentation claim.
D.Negligence
As set forth above, the defendants owed the plaintiffs no duty to disclose the proximity of the property to I-495. As such a duty is an essential element of the plaintiffs’ negligence claim, the defendants are entitled to summary judgment. See Urman v. South Boston Savings Bank, 424 Mass. at 168 (property buyers could not maintain negligence action against the seller where the seller had no duty to disclose that property was close to previously contaminated site).
ORDER
For the foregoing reasons, it is hereby ORDERED that the Defendants’ Motion for Summary Judgment is ALLOWED.

 At the summary judgment hearing, the plaintiffs withdrew their claims for breach of the implied covenant of good faith and fair dealing (Count I) and breach of the implied warranty of fitness for a particular purpose (Count VII).