After a jury-waived trial in the Superior Court, judgment entered for the plaintiff, Worcester Slitting and Manufacturing Company (Worcester Slitting), against the defendant, Rodney J. Perro, on claims of deceit, a violation of G. L. c. 231, § 85J (fraud or deceit in the sale of personal property), and civil conspiracy, among others.[3] On appeal, Perro claims the judge's conclusion that Worcester Slitting reasonably relied on Perro's misrepresentations was clearly erroneous, and the judge erred by failing to explicitly find, as a matter of fact, that Worcester Slitting's reliance on Perro's misrepresentations was reasonable. We affirm.
Background. We summarize the facts found by the trial judge. Worcester Slitting manufactures and sells vinyl covers for commercial use. In 2000, Perro met with Worcester Slitting representatives and offered to provide rolls of twelve mil vinyl sheeting (raw material used in Worcester Slitting's manufacturing process) at a lower price than Worcester Slitting was paying. In fact, Perro, a florist, had no vinyl sheeting. Dergam Youssef,[4] the production manager at Worcester Slitting and an associate of Perro, asked Perro to make the offer to Worcester Slitting and told Perro that he would supply the vinyl sheeting. Youseff told Perro that he did not want Worcester Slitting to know of his involvement. Worcester Slitting agreed to purchase the twelve mil vinyl from Perro.
Over the next ten years, Perro and Youssef carried out the scheme to defraud Worcester Slitting in the following way. Youssef instructed Perro to generate an invoice for a certain quantity of vinyl sheeting. Perro provided Youssef with an invoice meeting those specifications, as well as a copy of the invoice without a price for use as a packing slip. Youssef presented the invoice to Worcester Slitting. Worcester Slitting paid each invoice from Perro by check. Perro retained a percentage of the payment (first 25 percent, later 33.33 percent) and gave Youssef the balance. Neither Perro nor Youssef delivered any of the invoiced vinyl sheeting to Worcester Slitting. Youssef instead over-ordered ten mil vinyl sheeting, which, to the naked eye, is indistinguishable from the twelve mil vinyl sheeting Worcester Slitting believed it was buying. Worcester Slitting unknowingly used the ten mil vinyl to cover orders that called for twelve mil vinyl. Over the course of the scheme, Worcester Slitting paid Perro over $580,000 for twelve mil vinyl that it never received.
In a thoughtful written decision, the judge found that Perro fraudulently misrepresented to Worcester Slitting that he would provide twelve mil vinyl, and that Worcester Slitting relied on that representation to its detriment. Specifically, the judge found that "Perro clearly represented to [Worcester Slitting] that he could and would supply vinyl for the agreed price. This representation was known to be false by Perro when he made it. [Worcester Slitting] reasonably relied on the representation, paying $583,215 for goods that Perro never intended to supply." Accordingly, judgment entered for Worcester Slitting on the claims of deceit (count 8), a violation of G. L. c. 231, § 85J (count 9), and conspiracy (count 12).
Discussion. 1. Reasonable reliance on Perro's misrepresentations. Common-law deceit has three essential elements: (1) defendant's knowing misrepresentation of a material fact, (2) intent to induce action, and (3) reasonable, detrimental reliance on the misrepresentation by plaintiff. See Barrett Assocs. v. Aronson, 346 Mass. 150, 152 (1963) ; ZVIConstr. Co., LLC v. Levy, 90 Mass. App. Ct. 412, 423 n.14 (2016). Reasonable reliance is a common element of the deceit, see G. L. c. 231, § 85J, and conspiracy claims. Perro argues that the evidence did not support the judge's conclusion that Worcester Slitting's reliance upon Perro's misrepresentations was reasonable, and his failure to make a specific factual finding to that effect was reversible error. We disagree.
We review the judge's finding of reasonable reliance for clear error. See Kendall v. Selvaggio, 413 Mass. 619, 620-621 (1992) ; Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). "A finding of fact by the trial judge will not be deemed 'clearly erroneous' unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." White v. Hartigan, 464 Mass. 400, 414 (2013), quoting from New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977). For the reasons that follow, we discern no clear error in the judge's conclusion that the preponderance of the evidence established that Worcester Slitting's reliance on Perro was reasonable.
Stephen Najemy, a principal of Worcester Slitting, testified to the following: Youssef was a trusted, "excellent" employee for over twenty years; Youssef routinely provided invoices for payment and packing slips which showed the delivery of vinyl sheeting from Perro; Youssef assured Najemy that the vinyl sheeting had been delivered by truck early in the morning, prior to Najemy's arrival at work; and, when Najemy noticed an unusually large order during a period of slow business, he conducted an internal audit and detected the scheme. The judge credited this testimony.
Youseff's repeated misrepresentations that Perro was supplying the vinyl sheeting were not "preposterous or palpably false." Yorke v. Taylor, 332 Mass. 368, 374 (1955). In these circumstances, Worcester Slitting was entitled to rely on them without any further obligation to ascertain their truth. Ibid. Accordingly, the judge correctly concluded that "[t]he recipient of a fraudulent misrepresentation of fact is justified in relying on its truth, although he might have ascertained the falsity of the representation had he made an investigation." Zimmerman v. Kent, 31 Mass. App. Ct. 72, 81 (1991), citing Yorke, supra.
The judge could infer from the evidence that Worcester Slitting's reliance on Perro's misrepresentations was reasonable. His factual finding to that effect, although not explicit, was implicit in his legal conclusion that "[Worcester Slitting] reasonably relied on the representation, paying $583,215 for goods that Perro never intended to supply." See Commonwealth v. Grandison, 433 Mass. 135, 137 (2001), quoting from Commonwealth v. Gaulden, 383 Mass. 543, 547 (1981) ("Absent explicit findings, we 'analyze[ ] the record to see if the findings implicit in the judge's ruling are supported' ").[5]
2. Attorney's fees. Worcester Slitting requests an award of appellate attorney's fees pursuant to G. L. c. 93A. Section 11 of 93A provides, "If the court finds in any action commenced hereunder ... a violation ... the petitioner shall ... be awarded reasonable attorneys' fees and costs incurred in said action." Because Perro did not appeal from the portion of the judgment entered against him pursuant to G. L. c. 93A, Worcester Slitting's appellate fees and costs were not "incurred in said action." Accordingly, the request for appellate attorney's fees and costs is denied.
Amended judgment affirmed.

The other claims included actions to enforce various promissory notes, breaches of fiduciary duty and contract, conversion, defalcation, violation of G. L. c. 93A, and partnership liability. Perro does not appeal from the judgment as to these claims.

Youssef, a codefendant in the Superior Court action, is not a party to this appeal. Default judgment entered against him in the Superior Court.

"Other points, relied on by the defendant[ ], but not discussed in this opinion, have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).