OPINION OF THE COURT
Seymour Boyers, J.
In this action, based on what is loosely called “wrongful conception”, defendant Planned Parenthood moves for summary judgment. This case is unique in that the moving defendant is not charged with wrongful treatment or diagnosis; rather, the wrongful act is an alleged misstatement contained in a booklet published by said defendant.
From the examination before trial of plaintiff Carmen Roman, it appears that at some point after the birth of her child in February, 1974 she considered sterilization. Recalling the experiences of her mother, with whom she had discussed this before that date, and her sister-in-law, with whom she had discussed it after that date, she considered having a tubal ligation. Subsequently, she spoke to a friend who referred her to Queens General Hospital. In the summer of 1975 she went to the hospital, completed some unspecified forms and attended a lecture concerning sterilization. It was at the end of this lecture that the booklet in *800 question was distributed. Some time later she arranged for the operation, which was performed on August 13, 1975. Plaintiff testified that she referred to the booklet often and read it both before and after the operation. It is entitled “Voluntary Sterilization of Men and Women — The Surest Way to Avoid Unwanted Pregnancy”. It is concededly published by defendant and is generally circulated by it. The booklet is organized in a question and answer format and states in pertinent part:
“Q. Should contraceptives be used after tubal ligation?
“A. No. There is no possibility of pregnancy and contraceptives are not necessary.”
Plaintiff subsequently became pregnant and gave birth on December 11, 1977 to an admittedly healthy child.
The evidence is not clear if the operation was improperly performed or whether there was a spontaneous regeneration of plaintiff’s fallopian tubes. Defendant’s witness, a physician, testified that while rare, there is a known failure rate in properly performed sterilization procedures. Since plaintiff does not allege malpractice against defendant Planned Parenthood and since operative malpractice would clearly exculpate defendant, the court, for purposes of this motion, will presume that Carmen Roman’s pregnancy resulted from the “failure” of a properly performed sterilization.
A threshold decision with regard to causes of action arising out of the birth of a child was rendered in Becker v Schwartz (46 NY2d 401). That decision stands principally for the proposition that no cause of action exists on behalf of an infant for “wrongful life” (supra, pp 411-412). No such cause is pleaded here. The second issue considered by the court is the right of a parent to sue (supra, p 412). The court specifically did not consider cases involving the birth of unwanted but healthy children (supra, p 409). Despite that fact, the analysis of the causes of action considered is instructive in this case. If the cause here sounds fundamentally in negligence, then plaintiffs must establish a duty owed to them from defendant and a breach of that duty (supra, pp 410, 412-413).
*801 So limited, this court doubts that plaintiffs can succeed against defendant Planned Parenthood despite allegations that Carmen Roman relied on defendant’s booklet in seeking the operation. The evidence leans heavily to the conclusion that she determined to have the operation before receiving the booklet. She may have relied on it in refraining from using contraceptives. If such be true, then the legally cognizable damages flowing from the unsuccessful operation are not recoverable from defendant Planned Parenthood.
This does not address the issue of whether plaintiffs have a cause of action against defendant. The complaint charges that defendant knew, or should have known, that its statement concerning the need for contraceptives is false. Defendant contends that such cause sounds in fraud. Plaintiff, however, argues that the case remains one in negligence.
Even if fraud is pleaded, the evidence presented makes it clear that no cause of action lies in actual fraud. Essential to such a cause is scienter, or the knowing and intentional misrepresentation of fact (Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403, 406-408). Assuming the statement concerning contraceptives be false, the evidence before the court contains not even a scintilla to support a possible conclusion of its being a knowing and intentional misrepresentation. The cause of action may not be considered one in constructive fraud, since there the element of scienter is replaced by proof of a confidential or fiduciary relationship not present here (Brown v Lockwood, 76 AD2d 721).
The pleading is consistent with a cause of action based on negligent misrepresentation. Such a cause has long been recognized in this State (International Prods. Co. v Erie R.R. Co., 244 NY 331, 337-339). As noted in Becker (46 NY2d 401, supra) a cause of action sounding in negligence requires the establishment of a duty owing plaintiffs from defendant. While long recognized, the cause of action has been narrowly circumscribed by the very consideration of duty.
*802 The court is not prepared to conclude that the harm caused plaintiff was not reasonably foreseeable. The implication, however, in plaintiff’s argument that duty and foreseeability are identical in scope is not altogether correct. The existence of a legal duty is not bottomed on the factor of foreseeability alone. In Columbia Law Review, Dean Leon Green made the observation: “[H]owever valuable the foreseeability formula may be in aiding a jury or judge to reach a decision on the negligence issue, it is altogether inadequate for use by the judge as a basis of determining the duty issue and its scope. The duty issue, being one of law, is broad in its implications; the negligence issue is confined to the particular case and has no implications for other cases. There are many factors other than foreseeability that may condition a judge’s imposing or not imposing a duty in the particular case”. (Green, Foreseeability in Negligence Law, 61 Col L Rev 1401, 1417-1418.) Not every negligent statement is actionable. A defendant will only be held answerable where it is bound by some relational duty arising out of a public calling, contract or other. (Ultramares Corp. v Touche, 255 NY 170, 185; Jaillet v Cashman, 235 NY 511.) This court need not decide whether a relational duty would have existed if plaintiff Carmen Roman had sought out Planned Parenthood’s advice. She did not. The evidence is clear and overwhelming that plaintiff sought the advice of friends and relatives and relied on the knowledge of the physicians and staff at Queens General Hospital. She did not go to defendant and defendant did not contact her. Their sole relationship is her fortuitous receipt of defendant’s booklet at the hospital. That defendant pointedly intended the booklet to provide information to the general public, including plaintiff, and the fact that it could have reasonably foreseen plaintiff’s reliance thereon, does not change the result. One who publishes a text cannot be said to assume liability for all “misstatements”, said or unsaid, to a potentially unlimited public for a potentially unlimited period (see Demuth Dev. Corp. v Merck & Co., 432 F Supp 990, 992-994). Thus, the relational duty sufficient to give rise to a cause of action in negligent misrepresentation is not present.
*803 Accordingly, the motion of the defendant Planned Parenthood for summary judgment is granted.