**Brenda Lee JONES**

v.

**J.B. LIPPINCOTT COMPANY,
Lillian S. Brunner.**

**Civ. No. PN–87–2232.**

United States District Court,
D. Maryland.

Sept. 14, 1988.

Bruce J. Babij, Robinette, Dugan, Seiden & Jakubowski, P.A., Baltimore, Md., for plaintiff.

Emanuel H. Horn, Horn, Bennett & Redmond, P.A., Baltimore, Md., and Neal M. Goldman, Squadron, Ellenoff, Plesent & Lehrer, New York City, for defendants.

## MEMORANDUM

NIEMEYER, District Judge.

Brenda Lee Jones, a nursing student who had completed nineteen courses toward her degree, treated herself for constipation by taking an enema consisting of hydrogen peroxide. She consulted the *Textbook for Medical and Surgical Nursing*, 5th Edition, authored by defendant Lillian Brunner and Doris Suddarth and published by defendant J.B. Lippincott Company. As a consequence of the treatment, Jones suffered personal injury.

She sued in state court and the case was removed to the Court by defendant, relying on diversity jurisdiction, 28 U.S.C. § 1332. In her suit plaintiff alleges in Count I negligence against the publisher Lippincott; in Count II strict liability against Lippincott; and in Count III negligence against the author Brunner. All counts are based on the contention that the recommended treatment was in error and there was no warning of the risks and consequences.

Lippincott has moved to dismiss the complaint or for summary judgment on the grounds that it has no duty to plaintiff with respect to the content of publications.

 Author liability for errors in the content of books, designs, or drawings is not firmly defined and will depend on the nature of the publication, on the intended audience, on causation in fact, and on the foreseeability of damage. *See, e.g. Demuth Development Corp. v. Merck & Co., Inc.*, 432 F.Supp. 990 (E.D.N.Y.1977). Publisher liability, on the other hand, has more clearly defined principles and is therefore more easily determined. If a publisher serves the function of publishing the contents of an author, other than one of its

own employees for whom it would be liable under the doctrine of respondeat superior, it has no duty for the contents. *See Lewin v. McCreight,* 655 F.Supp. 282 (E.D.Mich. 1987); *Demuth Development Corp., supra; Alm v. Van Nostrand Reinhold Co.,* 134 Ill.App.3d 716, 89 Ill.Dec. 520, 480 N.E. 2d 1263 (1985).

In this case, the plaintiff urges that Lippincott became author or co-author by its activities in the publication of Brunner's book and therefore Lippincott has author liability.

The parties have confirmed to the Court that all discovery on this issue is complete and that the Court should test the record under the criteria of *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ It is uncontested that defendant Brunner wrote the section of the book dealing with the treatment of constipation, without the participation of co-author Suddarth. Lippincott assigned one editor, Diane Intenzo, to work with the authors in "planning the general direction, focus, and framework of the book so that it would reflect current trends in the discipline." Another Lippincott editor, Kathleen Dunn, functioned as copy editor. Ms. Intenzo read the content of the book but only "for clarity and organization." She did suggest that certain subjects, such as pathophysiology, patient teaching, home care, and geriatrics, be expanded; she also advised the authors to incorporate the nursing process and nursing diagnosis into the structure of the book; and she suggested a restructuring of some sections and the retitling of others. Her suggestions were merely suggestions and Brunner did not always accept them. No one at Lippincott made any suggestions relating to the section on treatment of constipation or researched or wrote any portion of the book. Lippincott did not review the content of the book for substantive accuracy and it did not seek review by outside consultants.

On the basis of these facts, the Court concludes that there is no evidence of Lippincott's having taken responsibility for the content of the section of the book dealing with the treatment of constipation. Its conduct in connection with plaintiff's claim was limited to publishing. Thus, it has no duty of care to plaintiff with respect to the content of the book and makes no warranty as to the contents.

Plaintiff urges strict liability under Section 402A of the Restatement (Second) of Torts which provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Courts have applied strict liability to the narrow area of published maps or charts. *See,* e.g. *Brocklesby v. United States,* 767 F.2d 1288 (9th Cir.1985); *Saloomey v. Jeppesen & Co.,* 707 F.2d 671 (2d Cir.1983). The underlying theory for these rulings is the analogy of a nautical chart or an airline chart to other instruments of navigation such as a compass or radar finder which, when defective, will prove to be dangerous. No case has extended Section 402A to the dissemination of an idea or knowledge in books or other published material. Indeed to do so could chill expression and publication which is inconsistent with fundamental free speech principles. *See Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

**1218**

■ Accordingly, the Court will not hold Lippincott strictly liable as publisher for the content of books that it publishes.

For the foregoing reasons, the motion of Lippincott for summary judgment will be granted, and the Court will enter a separate order to that effect.