**Jacki BARDEN, Plaintiff,**

v.

**HARPERCOLLINS PUBLISHERS, INC., Defendant.**

**Civ. A. No. 94–30056–FHF.**

United States District Court,
D. Massachusetts.

Aug. 24, 1994.

Dianne M. Dillon, Dusel, Murphy, Fennell, Liquori & Powers, Springfield, MA, for plaintiff.

Robert Aronson, Law Offices of Robert Aronson, Springfield, MA, Slade R. Metcalf, New York City, for defendant.

### *MEMORANDUM AND ORDER*

FREEDMAN, Senior District Judge.

## I. INTRODUCTION

Before the Court is defendant HarperCollins Publishers Inc.'s motion for summary judgment as to both counts of plaintiff Jacki Barden's complaint. Plaintiff has filed her opposition to defendant's motion; defendant has filed a reply to plaintiff's opposition. The Court moves to an analysis of defendant's motion, below.

## II. BACKGROUND

Both parties have thoroughly detailed the circumstances underlying this dispute. Therefore, the following synopsis of the case history will be brief: In 1988 defendant's predecessor-in-interest, Harper & Row Publishers, Inc. published and distributed a book titled *The Courage to Heal: A Guide For Women Survivors of Child Sexual Abuse.* Within the initial publication of the book was a list of attorneys who could be consulted to assist women survivors of child abuse.

Plaintiff, who is an adult victim of child abuse, purchased and read defendant's book for the purposes of helping her recover from the trauma of her childhood abuse. In addition, plaintiff contacted one of the attorneys listed in the book, Lewis Youmans, apparently in order to pursue a lawsuit. Thereafter, plaintiff asserts that Youmans accepted a retainer from her, yet failed to perform legal services. Moreover, plaintiff contends that Youmans' qualifications—detailed in defendant's book—were false, and that defendant's book contained unverified facts.

This action was commenced by plaintiff in the Massachusetts Superior Court on March 17, 1994. Later, defendant removed the case to this Court. Plaintiff's complaint contains two claims for relief: the first for misrepresentation, and the second for a violation of chapter 93A of the Massachusetts Consumer Protection Act.

## III. STANDARD OF REVIEW

Summary judgment is proper under Fed. R.Civ.P. 56(c) ("Rule 56(c)") when "the pleadings and the affidavits raise no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Mendes v. Medtronic, Inc.,* 18 F.3d 13, 15 (1st Cir.1994). "The nonmoving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of material fact." *Id.,* discussing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In this setting, a " 'genuine' issue is one 'that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party' ... [and] [a] material issue is one that 'affect[s] the outcome of the suit....' " *Collins v. Martella,* 17 F.3d 1, 3 n. 3 (1st Cir.1994), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 250, 106 S.Ct. 2505, 2510, 2511, 91 L.Ed.2d 202 (1986); *see also Hayes v. Douglas Dynamic, Inc.,* 8 F.3d 88, 90 (1st Cir. 1993). "Mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact." *Horta v. Sullivan,* 4 F.3d 2, 11 (1st Cir.1993). Finally, questions of law are appropriate for resolution on summary judgment, barring a genuine dispute of material fact. *Jimenez v. Peninsular & Oriental Steam Navigation Co.,* 974 F.2d 221, 223 (1st Cir.1992).

## IV. DISCUSSION

As stated above, defendant has moved for summary judgment as to both counts of plaintiff's complaint. Wherefore, the Court will analyze defendant's motion and plaintiff's response as to each count, in turn.

### A. Count One—Negligent Misrepresentation

▮ Under Massachusetts law, a plaintiff may establish liability by proving an intentional, negligent or innocent misrepresentation. *See Logan Equipment Corp. v. Simon Aerials, Inc.,* 736 F.Supp. 1188, 1199 (D.Mass.1990). A few rules are common to the above three theories of misrepresentation. *Id.* First, the alleged misrepresentation must be identified with specificity. *See Spencer Cos. v. Chase Manhattan Bank, N.A.,* 81 B.R. 194, 202 (D.Mass.1987). Second, mere nondisclosure will generally not support any cause of action for misrepresentation. *See Nei v. Burley,* 388 Mass. 307, 310–11, 446 N.E.2d 674 (1983). Third, statements of opinion or judgment relating to future events are generally not actionable. *Logan,* 736 F.Supp. at 1200. Exceptions to the third rule—and statements that may be actionable—include "where the defendant misrepresents his actual present intent to perform a future act" or "where the parties have unequal knowledge of the subject matter in question and where the future event is fully within the declarant's control." *Id.,* discussing *Barrett Associates Inc. v. Aronson,* 346 Mass. 150, 190 N.E.2d 867 (1963); *Cellucci v. Sun Oil Co.,* 2 Mass.App.Ct. 722, 730, 320 N.E.2d 919 (1974).

▮ To succeed with a claim for intentional misrepresentation, a plaintiff must show that

the defendant made a false misrepresentation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to his damage.

*Metropolitan Life Insurance Co. v. Ditmore,* 729 F.2d 1, 4 (1st Cir.1984), citing *Barrett Associates, Inc. v. Aronson,* 346 Mass. at 152, 190 N.E.2d at 868; *see Logan,* 736 F.Supp. at 1199, citing *Danca v. Taunton Savings Bank,* 385 Mass. 1, 8, 429 N.E.2d 1129 (1982). A plaintiff does not have to prove an actual intent to deceive, and " 'nothing is clearer than the fact that under Massachusetts law plaintiffs need not prove that [defendant] knew his statements to be false.' " *Logan,* 736 F.Supp. at 1199, citing *Nickerson v. Matco Tools Corp.,* 813 F.2d 529, 530 (1st Cir. 1987); *see Ditmore,* 729 F.2d at 5 (the element of fraudulent intent may be proved by showing that a defendant made a statement as of his own knowledge that was false); *Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 333 N.E.2d 421, 428 (1975) (an intentional misrepresentation is not a prerequisite to recovery for deceit); *see also Adams v. Hyannis Harborview,* 838 F.Supp. 676, 694 (D.Mass.1993) ("Under Massachusetts law, partial disclosures and half-truths may, under some circumstances, be considered tantamount to misrepresentations of fact[.]"). In the instant case, plaintiff has not alleged, and the record does not reveal, circumstances that would support a claim for intentional misrepresentation. Plaintiff, however, has properly set forth a claim for negligent representation. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Memorandum") at 2 ("Count I of the complaint alleges that the defendant negligently misrepresented a fact which was easily ascertainable. It sounds in negligence.").

▮ In establishing a claim for negligent misrepresentation, a party must show that "the defendant acted unfairly or unreasonably." *Adams,* 838 F.Supp. at 694, discussing *Quincy Co–Op. Bank v. A.G. Edwards & Sons, Inc.,* 655 F.Supp. 78, 87 (D.Mass.1986), citing *Danca,* 385 Mass. at 8, 429 N.E.2d at 1129 (recovery against a bank for creating the impression that all was in order when, in fact, it was not); *see also Robertson v. Gaston Snow & Ely Bartlett,* 404 Mass. 515, 536 N.E.2d 344 (1989). Moreover, "[a]lthough mere non-disclosure by itself generally will not support a cause of action for negligent misrepresentation (*see Nei v. Burley,* 388 Mass. 307 at 310–11, 446 N.E.2d at 674 it is well settled under Massachusetts law that 'a party who discloses partial information that may be misleading has a duty to reveal all the material facts he knows to avoid deceiving the other party.' " *Adams,* 838 F.Supp. at 694, discussing *V.S.H. Realty, Inc. v. Texaco, Inc.,* 757 F.2d 411 (1st Cir.1985). Finally, to prevail on a negligent misrepresentation claim under Massachusetts law, a plaintiff must prove privity be-

tween the parties. *Rand v. Cullinet Software,* 847 F.Supp. 200, 214 (D.Mass.1994); *see In re Bank of Boston Corp. Sec. Litigation,* 762 F.Supp. 1525, 1536 (D.Mass.1991); *Hurley v. Federal Deposit Ins. Corp.,* 719 F.Supp. 27, 34 (D.Mass.1989). Absent such privity, plaintiff must prove that defendant had knowledge of its actual reliance. *Rand,* 847 F.Supp. at 214.

Here, defendant contends that the Court should grant summary judgment because defendant owes no duty to plaintiff for any negligent misrepresentations in the book. Alternatively, plaintiff argues that defendant does have a duty of care because "[s]ocial policy dictates that a publisher who undertakes to publish a book, for profit, assumes the obligation to do so carefully." Plaintiff's Memorandum at 5. Upon review, it is plain that no Massachusetts state appellate court has directly addressed the present issue. Therefore, the Court will analyze the law of other jurisdictions, alongside the requirements of a negligent misrepresentation claim, discussed above.

In *Winter v. G.P. Putnam's Sons,* 938 F.2d 1033 (9th Cir.1991), a group of mushroom enthusiasts became severely ill after picking and eating mushrooms, on reliance of information in a book. The plaintiffs-mushroom enthusiasts brought suit against the defendant book publisher asserting theories of products liability, breach of warranty, negligence, negligent misrepresentation and false representation. Thereafter, defendant moved for summary judgment which was granted by the district court.

On appeal, addressing plaintiffs' claims of copyright infringement, libel, misrepresentation, negligent misrepresentation, negligence and mistake, the Ninth Circuit Court of Appeals stated: "Unless it is assumed that the publisher is a guarantor of the accuracy of an author's statement of fact, plaintiffs have made no case under any of these theories other than possibly negligence." *Id.* at 1036. Turning to plaintiffs' negligence claim, the *Winter* court opined:

> In order for negligence to be actionable, there must be a legal duty to exercise due care. 6B Witkin, *Summary of California Law,* Torts § 732 (9th ed. 1988). The

plaintiffs urge this court that the publisher had a duty to investigate the accuracy of *The Encyclopedia of Mushrooms'* contents. We conclude that the defendants have no duty to investigate the accuracy of the contents. of the books it publishes.

*Id.* at 1037. Continuing, the court explained:

> A publisher may of course assume such a burden [to investigate], but there is nothing inherent in the role of the publisher or the surrounding legal doctrines to suggest that such a duty should be imposed on publishers. Indeed the cases uniformly refuse to impose such a duty. Were we tempted to create this duty, the gentle tug of the First Amendment and the values embodied therein would remind us of the social costs.

*Id.* In addition, in footnote 8, the *Winter* court delineated a number of decisions by courts which also refused to impose a duty to investigate upon the publisher. *See Jones v. J.B. Lippincott Co.,* 694 F.Supp. 1216, 1217 (D.Md.1988) (publisher not liable to nursing student injured treating self with remedy described in nursing textbook); *Lewin v. McCreight,* 655 F.Supp. 282, 283–84 (E.D.Mich.1987) (publisher not liable to plaintiffs injured in explosion while mixing a mordant according to a book on metal-smithing); *Alm v. Van Nostrand Reinhold Co.,* 134 Ill.App.3d 716, 721, 89 Ill.Dec. 520, 524, 480 N.E.2d 1263, 1267 (1985) (publisher not liable to plaintiff injured following instructions in book on how to make tools); *Roman v. New York,* 110 Misc.2d 799, 802, 442 N.Y.S.2d 945, 948 (Sup.Ct.1981) (Planned Parenthood not liable for misstatement in contraceptive pamphlet); *Smith v. Linn,* 386 Pa.Super. 392, 396, 563 A.2d 123, 126 (1989) (publisher of diet book not liable for death caused by complications arising from the diet) (other citations omitted).

Earlier, in *First Equity Corp. v. Standard & Poor's Corp.,* 869 F.2d 175 (2d Cir.1989), the Second Circuit Court of Appeals affirmed the district court's decision granting summary judgment for defendant. Specifically, in finding that the case could be disposed of on tort law grounds, the court ruled that, under both Florida and New York law, the defendant publisher could not be held liable

for the alleged negligent misstatements of the summary of the terms of certain convertible securities reported in *Corporation Records,* a guide published by defendant. *Id.; see also Gutter v. Dow Jones, Inc.,* 22 Ohio St.3d 286, 490 N.E.2d 898 (1986) (publisher of *Wall Street Journal* not liable to subscriber for non-defamatory negligent misrepresentation relied on by reader in choosing securities investment).

Another case, although arising in a different legal setting, is worth discussing. In *Geiger v. Dell Pub. Co.,* 719 F.2d 515 (1st Cir.1983), plaintiff brought a defamation suit against the defendant publishing company. In granting defendant's motion for summary judgment in accordance with New York law, the court paused to make a telling observation that relates to this case.

> Although it is true that book publishers are not often under the sort of time pressure that requires them to commit a story to print within the space of a few hours, we note that they operate under economic constraints that prevent their conducting the kind of routine check appellant wishes us to impose on them. A non-fiction work often details events that are long past and describes people who are unavailable to verify the author's statements. To require a book publisher to check, as a matter of course, every potentially defamatory reference might raise the price of nonfiction works beyond the resources of the average man. This result would, we think, produce just such a chilling effect on the free flow of ideas as First Amendment jurisprudence has sought to avoid.

*Id.* At bottom, the duty plaintiff seeks to impose upon the defendant, here, involves many of the same First Amendment considerations espoused in *Geiger,* albeit in a dissimilar context.

Refocusing, after review of the aforementioned authorities—despite feeling empathy for plaintiff's plight—the Court concludes that plaintiff is attempting to recover under a untenable legal theory. Simply put, allowing plaintiff to seek relief under a negligent misrepresentation claim would open a pandora's box that might be difficult to close. The burden placed upon publishers to check ev-

ery fact in the books they publish is both impractical and outside the realm of their contemplated legal duties. Further, in the present case, it is clear that the defendant did not assume the duty to investigate. *See* Defendant's Notice of Motion for Summary Judgment, Goldstein Affidavit. Finally, any temptation for the Court to create such a duty is tempered by the "gentle tug of the First Amendment" and the values embodied therein. *See Winter,* 938 F.2d at 1037. Of course, fraudulent behavior might be a different situation; however, no allegations of fraud have been made in this case. In sum, plaintiff relies on a negligent misrepresentation theory that, again, falls short. Accordingly, defendant's motion for summary judgment as to count one of plaintiff's complaint will be granted.

**B. Count Two—Chapter 93A**

Chapter 93A of the Massachusetts Consumer Protection Act protects against "unfair or deceptive acts or practices in the conduct of any trade or commerce." *Sweeney v. Resolution Trust Corp.,* 16 F.3d 1, 4 n. 5 (1st Cir.1994); *see Tagliente v. Himmer,* 949 F.2d 1, 7 (1st Cir.1991) ("Chapter 93A § 2(a) provides: Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."). Section 9(1) of chapter 93A provides, in pertinent part, that a cause or action may be brought by:

> [a]ny person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder....

*Id.; see Maillet v. ATF–Davidson Co.,* 407 Mass. 185, 190, 552 N.E.2d 95, 98 (Mass. 1990); *see also Southworth Mach. Co. v. F/V Corey Pride,* 994 F.2d 37, 40 n. 2 (1st Cir. 1993); *Refuse & Environmental Systems, Inc. v. Industrial Services of America, Inc.,* 932 F.2d 37, 42 (1st Cir.1991) ("Private citizens may sue under § 9 of the statute; corporations may sue under § 11.").

The issue of " '[w]hether a party has committed an unfair or deceptive act, within the

meaning of [the consumer protection act] is a *question of fact.*'" *Chroniak v. Golden Investment Corp.,* 983 F.2d 1140, 1146 (1st Cir.1993), citing *Brennan v. Carvel Corp.,* 929 F.2d 801, 813 (1st Cir.1991) (quoting *USM Corp. v. Arthur D. Little Systems, Inc.,* 28 Mass.App.Ct. 108, 546 N.E.2d 888, 897 (1989)) (emphasis in original). "A practice may be 'deceptive' under chapter 93A if it 'could reasonably be found to have caused a person to act differently from the way he otherwise would have acted.'" *Kazmaier v. Wooten,* 761 F.2d 46, 51 (1st Cir.1985), citing *Purity Supreme, Inc. v. Attorney General,* 380 Mass. 762, 777, 407 N.E.2d 297, 307 (1980) (quoting *Lowell Gas Co. v. Attorney General,* 377 Mass. 37, 51, 385 N.E.2d 240, 249 (1979)). Moreover, beyond considerations of deception, when deciding if a defendant was "unfair" under chapter 93A, Massachusetts courts consider:

> (1) whether the practice ... is within at least a penumbra or some common-law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).

*Kazmaier,* 761 F.2d at 51, citing *Purity Supreme, Inc.,* 380 Mass. at 777, 407 N.E.2d at 307; *see also PMP Associates, Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 596, 321 N.E.2d 915, 917 (1975); *Federal Trade Commission v. Sperry & Hutchinson Co.,* 405 U.S. 233, 244 n. 5, 92 S.Ct. 898, 905 n. 5, 31 L.Ed.2d 170 (1972); *Rizzuto v. Joy Mfg. Co.,* 834 F.2d 7, 8 (1st Cir.1987) ("Unfairness" is examined under a three-part test.); *see generally Kerlinsky v. Fidelity & Deposit Co.,* 690 F.Supp. 1112, 1119 (D.Mass.1987) (Whether a given act or practice is unfair or deceptive must be determined from the particular circumstances of each case. Thus, it is not the definition of an unfair act which controls, but the context—the circumstances to which that single definition is applied.).

Applying the chapter 93A standard, here, the Court finds that plaintiff has failed to raise a genuine issue of material fact as to her claim against defendant. Specifically, after evaluating the record and considering the arguments of both sides, the Court concludes that plaintiff has failed to allege facts upon which it would be possible to conclude that defendant's conduct was unfair or deceptive under Massachusetts General Laws chapter 93A, sections 2 and 9. Therefore, defendant's motion for summary judgment as to count two of plaintiff's complaint will be granted.

### V. CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment, as to both counts one and two of plaintiff's complaint, is GRANTED.

It is So Ordered.