Deborah K. BRANDT, et al., Plaintiff,

v.

The WEATHER CHANNEL,
INC., Defendants.

No. 98–10060–CIV.

United States District Court,
S.D. Florida.

March 18, 1999.

Robert Lamar Bell, Miami, FL, for plaintiffs.

Stanley H. Wakshlag, Laura Thomas Rivero, Brian P. Miller, Akerman Senterfitt & Eidson, Miami, FL, for defendant.

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS

PAINE, District Judge.

This matter is before the court upon the Plaintiffs' Motion to Remand this removed action to state court. Upon consideration of the file and the applicable authority, the court finds that removal was appropriate pursuant to this court's diversity jurisdiction and, therefore, remand is not appropriate. However, upon review of the Defendant's Motion to Dismiss, the response thereto, and the applicable authority, the court finds that the Plaintiffs have failed to allege a claim upon which relief can be granted and dismissal is appropriate.

*Legal Standard on Motion to Remand*

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by the Constitution or by the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (1994). A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000,

exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. § 1441; *Burns*, 31 F.3d at 1095.

■ In the present wrongful death case, it is undisputed that the amount in controversy exceeds the jurisdictional amount of $75,000.[1] The Plaintiffs challenge diversity jurisdiction essentially[2] on the grounds that because the Weather Channel is a large multi-state corporation which broadcasts in every state, it is, therefore, a citizen of each and every state for purposes of diversity jurisdiction. This argument is completely contrary to basic, well-settled authority and comes dangerously close to violating Fed.R.Civ.P. 11, which prohibits lawyers from advancing arguments that are wholly without legal support. The removal statute specifically provides that, for removal purposes, a corporation is a citizen of any State in which it is incorporated and the State which is its principal place of business. 28 U.S.C. § 1332(c). It has long been settled that a corporation can have only one principal place of business. *Vareka Invs. N.V. v. American Inv. Properties, Inc.*, 724 F.2d 907 (11th Cir.1984). In the present case, it is undisputed that The Weather-Channel is incorporated in the state of Georgia and that its principal place of business is in Atlanta, Georgia. Therefore, inasmuch as the Plaintiffs contend that they are citizens of New York and/or Florida, complete diversity of citizenship exists. Accordingly, Plaintiffs' meritless Motion to Remand this properly removed case must be denied.

## Legal Standard on Motion to Dismiss

On consideration of a Motion to Dismiss, all well pled allegations of the complaint must be taken as true and construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jacobs v. Board of Regents*, 473 F.Supp. 663 (S.D.Fla.1979). Consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984) The rules of pleading under the Federal Rules of Civil Procedure are very liberal. Rule 8(a) merely requires that the complaining party provide

> (1) a short plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it (2) a short, plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Under the standard established by *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a motion to dismiss should not be granted unless the Plaintiff can prove no set of facts in support of his claim entitling him to relief.

## Analysis

This is a wrongful death action brought by the personal representative of the decedent who was a passenger on a friend's fishing boat and was drowned when adverse weather conditions caused him to be thrown from the boat. The Complaint alleges that the decedent monitored the WeatherChannel in the morning before going out on the boat and that the Weather-Channel had not issued a small craft warning for that day and no bad weather had been forecast.

■ In the present case, the Plaintiffs' Complaint fails to satisfy even the very liberal federal pleading requirements. In this case, the Plaintiffs seek a novel and

---

1. In the complaint, the Plaintiffs ask for an award of damages of "at least 10 million dollars."

2. Although the Plaintiff raises several issues challenging jurisdiction, the court finds that all issues not discussed herein are so baseless that discussion is not warranted here.

unprecedented expansion of the scope of tort law: to impose on a television broadcaster of weather forecasts a general duty to viewers who watch a forecast and take action in reliance on that forecast. As the Defendant points out, if the court were to impose such a duty under either a breach of contract or tort theory, the duty could extend to farmers who plant their crops based on a forecast of no rain, construction workers who pour concrete or lay foundation based on the forecast of dry weather, or families who go to the beach for a weekend based on a forecast of sunny weather. The court further notes that if it were to impose a duty upon a weather broadcaster for a faulty broadcast, such a duty could be extended to non-weather related broadcasts such as traffic reports upon which individuals rely to arrive timely to scheduled events. It is clear that to impose such a duty would be to chill the well established first amendment rights of the broadcasters. It is well established that mass media broadcasters and publishers owe no duty to the general public who may view their broadcasts or read their publications. *First Equity Corp. v. Standard & Poor's Corp.,* 869 F.2d 175 (2d Cir.1989) (publisher of financial information not liable under Florida law to subscriber for negligent misrepresentation); *Winter v. G.P. Putnam's Sons,* 938 F.2d 1033, 1038 (9th Cir.1991) (publisher owed no duty to mushroom enthusiasts who became violently ill after eating wild mushrooms deemed safe by publisher's book); *Jones v. J.B. Lippincott Co.,* 694 F.Supp. 1216, 1218 (D.Md.1988) (publisher of medical textbook not liable under products liability theory to nursing student injured when following treatment prescribed by textbook); *Cardozo v. True,* 342 So.2d 1053, 1056 (Fla.App.2d Dist.1977) (publisher of cookbook not liable to purchaser of book for breach of warranty for failure to warn of dangers of poisonous ingredients in recipe).

A weather forecast is a "classic example of a prediction of indeterminate reliability and a place peculiarly open to debatable decisions." *Brown v. United States,* 790 F.2d 199, 204 (1st Cir.1986). Therefore, imposition of negligence liability for allegedly incorrect weather forecasts would be contrary to public policy and would result in tremendous potential to broadcasters. The *Brown* court held that the National Weather Service was not liable for the death of a fisherman in a storm whose severity was not predicted by Weather Service due to a knowingly-malfunctioning buoy. The First Circuit noted that, due to the unpredictability of weather forecasts, prediction of the weather "is a particularly unfortunate area in which to establish a duty of judicially reviewable due care." *Id.* at 204. Because prediction of weather is precisely that—a prediction, a weather forecaster should not be subject to liability for an erroneous forecast. *Id.* Predicting possible future events whose outcome is uncertain is not an exact science for which a broadcaster should be held liable. Therefore, this court declines, as a matter of law, to create a heretofore nonexistent "forecaster's duty."

Furthermore, the court finds that the decedent was merely a viewer of a television broadcast and the Plaintiff has not alleged the existence of an enforceable contract between the decedent and the Defendant. Because the Complaint is devoid of allegations supporting an enforceable express or implied contract, the WeatherChannel was not in privity with the decedent and owed no actionable, contractual duty to the decedent. *See Daniel v. Dow Jones & Co.,* 137 Misc.2d 94, 520 N.Y.S.2d 334, 337 (Civ.Ct.1987) (computerized database subscriber had no contract with database provider for accurate information); *Jaillet v. Cashman,* 115 Misc. 383, 189 N.Y.S. 743 (Sup.Ct.1921) *aff'd* 202 A.D. 805, 194 N.Y.S. 947 (App.Div.1922) *aff'd* 235 N.Y. 511, 139 N.E. 174 (1923) (ticker tape provider not in privity with Dow Jones).

The Plaintiffs cannot sustain a cause of action against this Defendant under any theory and, therefore, the Complaint shall be dismissed with prejudice.

In view of the foregoing, it is

ORDERED and ADJUDGED that Plaintiffs' Motion to Remand is DENIED. It is further

ORDERED and ADJUDGED that Defendant's Motion to Dismiss is GRANTED. This case is DISMISSED WITH PREJUDICE and the clerk of the court shall close this case and declare all pending motions not referenced herein, to be denied as moot.